IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSHUA L. SMITH,

    Petitioner,          CASE NO. 2:10CV00130
                             JUDGE GEORGE C. SMITH
    v.                       MAGISTRATE JUDGE E.A. PRESTON DEAVERS

MICHAEL SHEETS, WARDEN,

    Respondent.

## OPINION AND ORDER

On January 11, 2012, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to all of the Magistrate Judge's recommendations. He again raises all of the same arguments he previously presented. Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim three as procedurally defaulted. He asserts that the state appellate court conducted a merits review of his claim. Alternatively, Petitioner again argues that the ineffective assistance of trial counsel constitutes cause for this procedural default. Petitioner objects to the Magistrate Judge's recommendation of dismissal of that claim on the merits. In support of this claim, he complains that his attorney subsequently was found to be mentally unable to practice law and permanently disbarred. On this basis, Petitioner asserts that he has established ineffective assistance of counsel under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Additionally, Petitioner complains that the Magistrate Judge failed to review the transcripts of his

motion to suppress hearing or trial. He contends that review of these transcripts will establish he was in custody at the time he made incriminating statements to police, in violation of *Miranda v. Arizona,* 384 U.S. 436 (1966). He argues that the trial court's evidentiary rulings holding his wife was competent to testify and denying his motion for judgment of acquittal violated due process. Finally, Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of insufficiency of the evidence on the merits based on the alleged lack of evidence establishing he acted "purposely" in causing the death of Michelle Morrison.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Upon consideration of the entire record, and for the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, the Court likewise concludes Petitioner has failed to establish habeas corpus relief is warranted. The record fails to establish defense counsel acted unreasonably, or that his performance resulted in prejudice as defined under *Strickland*. Moreover, and contrary to Petitioner's allegation here, the state appellate court explicitly reviewed Petitioner's claim of prosecutorial misconduct for plain error only, based on his failure to object. A state court's plain error does not revive a claim for habeas corpus review. *See e.g.*, *Scott v. Mitchell,* 209 F.3d 854, 868 (6th Cir. 2000); *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir.2000). Similarly, any alternative ruling on the merits does not revive the claim for habeas corpus review. *Harris v. Reed,* 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding"); *Bowling v. Parker,* 344 F.3d 487, 498 (6th Cir. 2003) (where state court's dismissal of claim on merits constitutes an alternative holding, federal habeas court will consider the claim procedurally defaulted). Additionally, contrary to Petitioner's argument here, the record fails to support his claim that he was in custody, as defined under *Miranda*, such that his statements to

police were constitutionally impermissible. As to Petitioner's contention that the evidence was constitutionally insufficient to sustain his murder conviction, this claim likewise fails. Under § 2901.22, "[a] person acts purposely when it is his specific intention to cause a certain result[.]" The record reflects that the testimony of Phillip Henry, alone, sufficiently established that Petitioner purposely caused Michelle Morrison's death so as to be convicted of murder under Ohio law. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Finally, Petitioner's state law claims fail to provide a basis for federal habeas corpus relief.

For these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

\s\ George C. Smith

GEORGE C. SMITH
United States District Judge